## BELLOWS *vs.* DENISON.

Where the plaintiff let to another a certain number of sheep, of a given weight, to be kept well, and returned in one year, all to be of good age, and the same weight of sheep, and the bailee was also to deliver a certain weight of washed wool, as good as should be averaged fom the flock,—*held*, that the same sheep were to be returned, with a sufficient number of other sheep, of equal quality with those delivered, to make up losses, if any occurred.

Where said sheep were attached by a creditor of the bailee,—*held*, that trover would lie on demand and a refusal to deliver the sheep; but that trover would not lie for the wool, which was the produce of the sheep and vested in the bailee.

THIS is an action of trover, brought to recover the value of one hundred and ten sheep, the conversion of which was alleged to have been on the 24th of October, 1836, and 110 pounds of wool, conversion alleged on the 30th of June, 1836. The plea was the general issue. The taking was admitted, and that a demand was made by the plaintiff of the wool and the sheep, on the 24th of October, 1836, and the defendant refused to deliver the same.

It appeared in evidence that on the 12th day of October, 1835, the plaintiff was the owner of 110 sheep, and on that day delivered the same to one Gilbert B. Mann, on the following contract:

" *Oct.* 12, 1835. Received of Charles Bellows one hun-
' dred sheep; twenty-four of which are wethers, seventy-six
' ewes, and twenty-six lambs, weighing in all eighty-five
' hundred and fifty pounds; to keep well one year, and re-

'turn them in good order, all to be of good age ; and give
'and deliver to said Bellows one hundred and twenty-six
'pounds of good washed wool, as good as the flock shall
'average, to be delivered in the month of June next ; said
'sheep to be as good as those taken at this time, and the
'same weight of sheep ; also one large buck, to be returned,
'and one pound good washed wool for the use.

Gilbert B. Mann."

The defendant proved that in March, 1836, he, as constable of Guildhall, in the county of Essex, and state of Vermont, attached said sheep on writs in favor of Levi Carter, Royal Joyslin and David Burnside, against the said Gilbert B. Mann, to whom the said Mann was indebted to a large amount. Judgments were duly recovered against said Mann, executions issued, and the said 110 sheep, and 110 pounds of wool, which was sheared from said sheep in June, 1836, were sold upon them.

A general verdict was returned, by consent, in favor of the plaintiff, for the value of said sheep and wool—to wit., value of the sheep at $227.70, and the value of the wool at $58.02, subject to the opinion of the court whether, after the executing the contract aforesaid, the plaintiff had sufficient title to enable him to recover for the value of said sheep and wool, or for the sheep alone, or the wool alone ; and said verdict was to be amended, or judgment rendered thereon, as the court might direct ; or said verdict was to be set aside, and judgment rendered for the defendant.

*Young & Stephenson*, for the defendant, contended, I. That the sheep were taken *by weight*, and that this is not the usual way of letting sheep where the same are to be returned.

Mann was to return sheep " of good age." If some of the sheep taken were not, at the end of the year, " of good age," or were too old, or too young, he was to substitute others in their room. This necessarily gave him power to

dispose of those taken not " of good age." If, then, Mann had such power, his creditors had a right to attach the sheep as his property. This view of the contract is consistent with the rule as to usage.

II. The contract was in the alternative. Mann was to return the sheep in one year, *or* the *same weight of sheep*, of an equal description.

If the *same weight of sheep* was to be returned, and not *the same number*, he was at liberty to return the *same weight in other sheep*, and could dispose of those taken.

III. The wool sheared from the flock was not to be *returned*, but Mann was " *to give and deliver*" a certain weight in good washed wool, " as good as the flock should average ;" which fixes the quality, but does not designate what wool ; it does not designate it as to be sheared from the flock. The words " give and deliver," used instead of " return," rebut this idea.

*Wells,* for the plaintiff.

UPHAM, J. We have had considerable difficulty in giving a construction to the contract in this case, so as to make it an intelligible instrument throughout, and consistent in all its parts.

There is a portion of the contract, which is first stated, that is perfectly clear and explicit, apart from the consideration of subsequent conditions, which may seem contradictory ; and the question arises, whether those conditions form the basis of the contract and modify other portions of it, or whether the terms of the contract, as at first stated, are to govern.

Such portions of the instrument as are of a doubtful character, or may admit of a double construction, should be conformed to those portions of the contract that are clear and explicit ; and in connection with this rule such construction should be given as will best give a meaning to the whole

terms of the contract, if that can be done. In addition to this, if the question be doubtful, as the property was originally the plaintiff's, it must be holden to remain so, until shown, by a balance of testimony at least, to have been alienated by him.

In applying these principles to the contract in question, we are of opinion that the construction contended for by the plaintiff is the only construction that will affix a meaning to all the terms of the contract.

The contract is perfectly clear and distinct to this extent : " Received of Charles Bellows one hundred sheep, twenty- 'four of which are wethers, seventy-six ewes, and twenty- 'six lambs ; weighing in all 8550 lbs., to keep well one 'year, and return in good order." Then follows a portion of the contract which would seem to be inconsistent with a return of the same sheep, viz.—Mann, is to keep the sheep well one year, and return them in good order, "all to be of good age."

If the same sheep are to be returned, why is any provision made as to their being of good age ? And yet, on the other hand, if the sheep were *sold*, why should the plaintiff insist on the sheep being *kept well ?* It would seem as though the plaintiff might permit Mann, after buying the sheep, to keep them as he pleased. It would be a matter of perfect indifference to him ; and why was Mann required to keep the sheep *one year*, and return them, if the moment he took them he had a right to sell them ? These questions, it seems to us, are difficult to answer.

But there are other portions of the contract to be considered. A clause is inserted as to the wool. Mann is " to give and deliver to said Bellows 126 lbs. of good washed wool, as good as the flock shall average, to be delivered in the month of June next ;" but this clause furnishes no means of construction as to the rest of the contract. The contract then goes on ; " said sheep to be as good as those taken at this time, and the same weight of sheep. Also, one large buck, to be returned."

The contract requires the *return* of the sheep, also of the buck ; but how are the sheep to be returned ? Why, said sheep are to be " as good as those taken at this time." This provision, therefore, clearly shows that, on some contingency, the same sheep are not to be returned, but others, so as to make an amount equal in weight " as good as those taken," and " of good age."

The design of the contract seems to have been to provide for the return of the same sheep, as far as might be ; and in case of any loss or accident, that the bailee should make up this loss by other sheep equal in condition, age, and weight. By such understanding of the contract all parts of it can be reconciled. It places the risk of loss of the sheep upon the bailee ; and this would tend to insure greater diligence, and care in the charge of the flock, which would be a desirable object to effect ; and the bailee might perhaps well afford to incur this risk, as it would seem, from the terms of the contract, that the increase of the flock was to belong to him.

Such we conceive to be the most natural construction of the contract. On this principle the sheep actually taken should be returned, with such others in weight, and of equal quality as would, in case of loss, make the amount taken.

The property in the sheep delivered did not therefore vest in Mann, and the defendant by the attachment of them as Mann's property has rendered himself liable to the plaintiff in the present action for the value of the sheep delivered to Mann by the plaintiff.

The contract for the delivery of a certain quantity of washed wool by Mann, as good as should be averaged from the flock, depends on another principle, and does not limit Mann to a return of the wool sheared from the flock. The fleeces sheared from the flock would be his, and the return of a certain weight of wool of equal quality would rest merely in contract,—the property in the wool when sheared

not being in the plaintiff. The defendant is, therefore, not liable for this portion of the plaintiff's claim, but merely for the value of the plaintiff's sheep which have come to his hands.

*Judgment for the plaintiff.*